IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARMSTER HAMPTON,

        Plaintiff,                    No. CIV S-06-0966 JAM DAD P

    vs.

P. SAHOTA, et al.,

        Defendants.              ORDER

                                  /

        Plaintiff is a state prisoner proceeding pro se with a civil rights action. Several of plaintiff's motions are pending before the court.

        First, plaintiff has filed a motion for appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

        The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328,

1

1331 (9th Cir. 1986); <u>Weygandt v. Look</u>, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court does not find the required exceptional circumstances.

Plaintiff has also filed a motion to amend his complaint, together with a proposed amended complaint. Before the undersigned had an opportunity to rule plaintiff's motion, plaintiff filed a second motion to amend his complaint, together with a proposed second amended complaint. Under these circumstances, the court will deny plaintiff's first motion to amend as moot and will strike plaintiff's proposed amended complaint. In addition, the court will not rule on plaintiff's second motion to amend at this time. Rather, in accordance with the Local Rules of Court and this court's December 4, 2006 order, defendants will have an opportunity to file an opposition or a statement of non-opposition to plaintiff's motion. <u>See</u> Local Rule 78-230(m).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's October 20, 2008 motion for appointment of counsel (Doc. No. 34) is denied;

2. Plaintiff's May 31, 2007 motion for leave to file an amended complaint (Doc. No. 21) is denied as moot. Plaintiff's May 31, 2007 proposed amended complaint (Doc. No. 22) is stricken; and

3. Within twenty days of the date of this order defendants shall file an opposition or a statement of non-opposition to plaintiff's October 20, 2008 motion for leave to file a second amended complaint. Plaintiff shall file a reply, if any, in accordance with Local Rule 78-230(m).

DATED: March 26, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
hamp0966.mta